IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:18-MC-64 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| RICHARD LEHMAN, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | MOTION TO SHOW CAUSE |
| Respondent. | ) | |

## INTRODUCTION

The United States of America filed this action against Respondent Richard Lehman to enforce an IRS summons issued to him, which he did not obey. On October 10, 2018, this Court issued an order enforcing the summons against Respondent. Respondent was required to produce the records requested in the summons by November 13, 2018, which he did not, and thereafter the Revenue Officer handling this case reached out to him multiple times in attempt to provide additional opportunities to comply. To date, Respondent has failed to produce the documents and is thus in contempt of the Court's October 10 Order.

## FACTS

IRS Revenue Officer Gene Matako is conducting an investigation of the federal income tax liabilities of Respondent Richard E. Lehman for the following years: 2006, 2007, 2008, 2009, 2013, and 2016. (Declaration of Gene Matako, attached as Ex. 1, at ¶ 2.) In furtherance of the investigation, on December 7, 2017, Revenue Officer Matako issued an administrative summons to Respondent. (*Id.* at ¶ 3; *see also* Summons, ECF No. 1-2, PageID ##7-8.) This summons required Respondent to appear on January 16, 2018, to give testimony and produce for examination certain books, papers, records, and other data. (Summons, ECF No. 1-2, PageID

#6.) Respondent did not appear before Revenue Officer Matako as required by the summons, or otherwise produce the information. (Matako Dec. ¶ 5.)

Thereafter, the government filed the instant enforcement proceeding against Respondent. (ECF #1.) The Court entered an Order to Show Cause, requiring Respondent to appear in Court and explain why he should be excused from complying with the summons. (ECF #2.) Respondent did not show up at the hearing. The Court granted the government's Petition to Enforce the IRS summons and ordered Respondent to comply, explaining that Respondent shall appear before Officer Matako or any other IRS Revenue Officer on November 13, 2018, in order to "give testimony and produce all documents and records as set forth in the summons." (10/10/18 Order, ECF No. 5.) The Court's Order was personally served on Respondent. (ECF #6 and #6-1.) Respondent did not produce the requested documents on or by November 13, 2018. (Matako Dec. at ¶ 8.)

Instead of immediately involving the Court, Officer Matako gave Respondent several additional opportunities to collect the data and comply with the summons. (*Id.* at ¶ 9.) However, to date, Respondent has not complied. (*Id.* at ¶¶ 9-10).

Respondent has made it impossible for the IRS to collect his tax liabilities because he will not provide the requested information. Moreover, Respondent has disobeyed this Court's October 10, 2018 Order. The government now seeks an Order to Show Cause as to why Respondent should not be held in contempt of court.

## LAW AND ARGUMENT

Civil contempt occurs when a party disobeys or fails to take reasonable steps to comply with a specific and definite court order. *United States v. Conces*, 507 F.3d 1028, 1042-43 (6th Cir. 2007). Faced with civil contempt, courts have the power to impose sanctions in order to

2

coerce compliance with their orders. This power stems from several sources. First, a court has inherent power to hold a party in contempt. *CFE Racing Prods. v. BMF Wheels, Inc.*, 793 F.3d 571, 598 (6th Cir. 2015). Second, every federal court is authorized by statute to punish any "contempt of its authority," which includes disobedience of its orders. 18 U.S.C. § 401(3); *see also In re: Jaques*, 761 F.2d 302, 305 (6th Cir. 1985) ("Both civil and criminal contempt proceedings may be brought under 18 U.S.C. § 401."). Third, a district court is authorized by statute to hold a party in contempt when he refuses to comply with a court order enforcing an IRS summons. 26 U.S.C. § 7604(b) (authorizing district court to "enforce obedience to the requirements of the summons and to punish such person for his default or disobedience").

To support a motion for civil contempt, the moving party must establish the following three elements by clear and convincing evidence: (1) the individual had knowledge of the order which he is said to have violated; (2) the individual did in fact violate the order; and (3) the order was specific and definite. *Rolex Watch USA, Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (must show defendant "violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order").

After a moving party establishes a prima facie case, the burden shifts to the contemnor to "com[e] forward with evidence showing that he is presently unable to comply with the court's order." *Elec. Workers Pension Trust Fund v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003). To meet this burden, the contemnor must explain in detail why he or she is unable to comply. *Rolex Watch*, 74 F.3d at 720. The contemnor's subjective state of mind is irrelevant, as "[g]ood faith is not a defense in civil contempt proceedings." *Gnesys, Inc. v. Greene*, 437 F.3d 482, 493 (6th Cir. 2005). Nor is willfulness an element of civil contempt. *Rolex Watch*, 74 F.3d at 720; *see also Jaques*, 761 F.2d at 306 (stating there is no requirement to show intent).

3

Sanctions for civil contempt may include coercive incarceration, a coercive daily fine, or a compensatory fine. *Int'l Union v. Bagwell*, 512 U.S. 821, 827 (1994). In fashioning the appropriate sanction, a district court should consider "the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *United States v. United Mine Workers*, 330 U.S. 258, 304 (1947). The desired result is either coercing compliance with the court order or compensating a party who suffered unnecessary costs due to the contemptuous conduct (here, the government seeks the former). *Williamson v. Recovery Ltd. P'ship*, 467 F. App'x 382, 396 (6th Cir. 2012).

In this case, the Declaration of Revenue Officer Matako satisfies the United States' burden to establish by clear and convincing evidence that Respondent is in contempt of this Court's October 10 Order. (*See generally* Matako Dec., attached as Ex. 1.) First, Respondent had knowledge of the Order since a duly authorized Revenue Officer personally served it on him. (ECF #6.) Second, Respondent failed to comply with the Order. The Order required him to appear before Officer Matako on November 13, 2018, and to produce all documents and records required by the IRS summons. (ECF No. 5 at PageID #28.) Respondent did not appear and has not complied with the summons to date. (Matako Dec. at ¶¶ 8-10.) Third, the Order itself is clear and unambiguous in requiring an appearance on November 13, 2018, and compliance with the summons. (ECF No. 5.) The IRS summons, in turn, requires Respondent to produce documents regarding assets, liabilities, and accounts held in the taxpayer's name, including but not limited to "all bank statements, checkbooks, canceled checks, saving account passbooks, records, or certificates of deposit for the period from 04/01/2015 to 09/21/2015." (Summons, ECF No. 1-2, PageID ##7-8.) The government has satisfied all three elements and has thus met its burden of proving that Respondent is in contempt of this Court's October 10 Order.

Respondent's refusal to cooperate with the summons and the Order continues through the date of this Motion. (Matako Dec. at ¶¶ 10-11.) Indeed, Respondent has been given over five months to comply. Whether his non-compliance is the result of neglect or willful disobedience is irrelevant. Given his failure to comply, it is clear that he must be sanctioned in order to coerce his compliance with the IRS summons.

## CONCLUSION

For all of these reasons, the government asks this Court to set a show cause hearing; to find Respondent in contempt of the summons and the Order; and to impose jail time, a daily fine, and/or other appropriate sanctions to coerce Respondent's compliance with the summons at issue in this enforcement proceeding. A proposed order is attached hereto. (*See* Ex. 2.)

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney
Northern District of Ohio

By: /s/ *Karen E. Swanson Haan*
Karen E. Swanson Haan (#0082518)
Assistant U.S. Attorney
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113-1852
Telephone: (216) 622-3851
Facsimile: (216) 522-4982
Email: Karen.Swanson.Haan@usdoj.gov

*Attorney for United States of America*

## CERTIFICATE OF SERVICE

I certify that, on March 28, 2019, I filed the foregoing electronically. The Court's electronic filing system will send notice of this filing to all parties. Parties may access this filing through the Court's system. I will also send a copy of the foregoing to Respondent Richard Lehman via regular U.S. Mail at the following address:

Richard Lehman
609 E. High Ave.
New Philadelphia, Ohio 44663

*/s/ Karen E. Swanson Haan*
KAREN E. SWANSON HAAN (#0082518)
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(f), undersigned counsel certifies that the foregoing Memorandum is five pages in length and thus within the page limitations for briefs in unassigned matters.

*/s/ Karen E. Swanson Haan*
KAREN E. SWANSON HAAN (#0082518)
Assistant United States Attorney